Cite as 2014 Ark. 332

# SUPREME COURT OF ARKANSAS

No. CR-00-587

| | | |
|---|---|---|
| LEONARD NOBLE | PETITIONER | **Opinion Delivered** July 31, 2014 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT, NO. 66CR-98-72] |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DENIED. |

## PER CURIAM

In 1999, petitioner Leonard Noble was found guilty by a jury of residential burglary and rape and sentenced as a habitual offender to an aggregate sentence of 900 months' imprisonment. The Arkansas Court of Appeals affirmed. *Noble v. State*, CR-00-587 (Ark. App. Sept. 19, 2001) (original docket no. CACR 00-587).

Petitioner has now filed a pro se petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A request for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Burton v. State*, 2014 Ark. 44 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and

SLIP OPINION

to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner states that he has been trying diligently to acquire evidence that was suppressed by the prosecution that would show that he is actually innocent of the offenses. A claim of evidence wrongfully suppressed by the State fits within one of the four categories for coram-nobis relief under *Brady v. Maryland*, 373 U.S. 83 (1963). Failure to disclose evidence favorable to the defense in violation of *Brady*, if established, is cause to grant the writ. *Pitts*, 336 Ark. 580, 986 S.W.2d 407.

SLIP OPINION

In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see also Buchanan v. State*, 2010 Ark. 285 (per curiam). Here, petitioner has not demonstrated that there was specific evidence favorable to the defense that was suppressed by the State or that he was prejudiced.

As grounds for the claim that the State withheld favorable evidence from the defense, appellant states that the defense filed a motion for discovery in 1999 seeking any report or statement of experts, including results of physical or mental examinations, scientific testing, and comparisons, but the prosecutor deliberately suppressed the evidence requested. As proof that the evidence was kept from the defense, petitioner has attached to his petition a copy of a report prepared by the sheriff's office that reflects that the victim was taken to a hospital to be examined for indications of a sexual assault in 1998. He goes on to contend that there was no substantial circumstantial evidence adduced at trial to establish his guilt, no testimony about evidence of rape from any medical staff member, and no DNA evidence. He further contends that the victim was unable to identify him as the rapist, a witness for the State said he was not

the rapist, the State crime laboratory report and rape kit did not reveal a "match up," and there was no sign of rape on the victim's body. While petitioner argues that these statements are proof that the State withheld evidence, he merely alleges that his attorney requested the evidence and the State withheld it without explaining what specific evidence was hidden from the defense.

If appellant is referring to the victim's hospital records, appellant alleges only that the records would have shown that the doctor could find nothing wrong with the victim. There were references at trial to the rape kit obtained at the hospital following the attack, indicating that the fact that the victim was examined at a hospital was known to the defense at the time of trial. Appellant does not allege that the hospital records contained particular exculpatory information that could not have been secured by the defense because the State had somehow concealed it. Again, to merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Williams v. State*, 2011 Ark. 154 (per curiam). In order to carry his burden to show that the writ is warranted, petitioner must demonstrate that the State had specific evidence that would have been sufficient to have prevented rendition of the judgment. *See Harris v. State*, 2010 Ark. 489 (per curiam). Appellant's vague allegations of withheld evidence are insufficient to meet that burden.

To the extent that the assertions concerning alleged suppression of exculpatory evidence by the State could be considered claims that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence are not cognizable in coram-nobis

proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). Issues pertaining to the sufficiency of the evidence are to be settled at trial, and, when appropriate, on the record on direct appeal. *Sims v. State*, 2012 Ark. 458 (per curiam).

Petition denied.

*Leonard Noble*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for respondent.