SLIP OPINION

Cite as 2015 Ark. 215

# SUPREME COURT OF ARKANSAS

No. CR-00-587

| | |
|---|---|
| LEONARD NOBLE<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** May 14, 2015<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT, NO. 66CR-98-72]<br><br><br>PETITION DENIED. |

**PER CURIAM**

In 1999, petitioner Leonard Noble was found guilty by a jury of residential burglary and rape and sentenced as a habitual offender to an aggregate sentence of 900 months' imprisonment. The Arkansas Court of Appeals affirmed. *Noble v. State*, CR-00-587 (Ark. App. Sept. 19, 2001) (original docket no. CACR 00-587).

In 2014, petitioner filed in this court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court was necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Slocum v. State*, 2014 Ark. 398, 442 S.W.3d 858 (per curiam) (citing *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam)). A writ of error coram nobis is an extraordinarily rare remedy. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251

(per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Wright v. State*, 2014 Ark. 25 (per curiam); *Greene*, 2013 Ark. 251.

In the coram-nobis petition filed in 2014, petitioner alleged that the State had withheld evidence favorable to the defense. We denied the petition. *Noble v. State*, 2014 Ark. 332, 439 S.W.3d 47 (per curiam).

Now before us is petitioner's second pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, petitioner first makes the statement that he has had mental problems from an early age and that he tried to commit suicide in 1985. As proof of his mental condition, he has appended to the petition the affidavit of a person who avers that she believes that petitioner has mental problems. She notes that petitioner's father was killed in an accident when petitioner was a young child, that petitioner tried to pull his father from his casket, and that he would not eat or talk and had to be taken to

a doctor.

While insanity at the time of trial is a ground for the writ, the burden is on the petitioner who claims a history of mental defect or illness to overcome the strong presumption that the judgment was valid. *Hooper v. State*, 2015 Ark. 108 (per curiam). If the allegation can be said to be an assertion of insanity at the time of trial, petitioner has presented no facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was incompetent to proceed. The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Millsap v. State*, 2014 Ark. 493, 449 S.W.3d 701(per curiam). Neither petitioner's mere statement that he suffered from mental problems from a young age nor the affidavit stating the affiant's belief that petitioner has mental problems demonstrates incompetence at the time of trial. *See Mackey v. State*, 2014 Ark. 491 (per curiam).

Petitioner also argues that the trial court erred in not ordering a psychological evaluation and holding a hearing on his mental condition. He further contends that the trial court erred in not allowing the defense to hire an expert witness to examine the physical evidence adduced at trial. As support for the allegations, he cites testimony adduced at trial that he alleges was contradictory and insufficient to support a finding of his guilt.

The contention that the trial court made errors at trial does not fall within one of the four categories warranting coram-nobis relief. *Lukach v. State*, 2014 Ark. 51 (per curiam). To the extent that the assertions concerning the strength of the evidence at trial could be considered a claim that the evidence was insufficient to sustain the judgment, issues concerning the

SLIP OPINION

SLIP OPINION

sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *Chestang v. State*, 2014 Ark. 477 (per curiam). Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Sims v. State*, 2012 Ark. 458 (per curiam).

Petitioner next asserts that the prosecution withheld evidence from the defense. The wrongful withholding of exculpatory evidence from the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and a ground for granting the writ. *Hooper*, 2015 Ark. 108. The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Watts v. State*, 2013 Ark. 485 (per curiam).

Petitioner contends that the State withheld evidence that had been requested by the defense in a motion for discovery. Although petitioner mentions several types of scientific testing in the petition, he focuses entirely on the result of hair analysis and information obtained from the medical examination of the victim. With respect to the hair evidence, petitioner

SLIP OPINION

focuses particularly on a hair labeled by the police as "Q-11," that petitioner alleges would have shown that he was innocent. As proof of the significance of Q-11, petitioner cites to portions of trial testimony wherein the results of the testing on the hairs, including Q-11, was discussed. He complains that the jury never got to hear some pertinent evidence about the testing. As Q-11 and the testing on the other hairs was specifically referred to at trial, it is plain that the results of the testing on the hairs was known at trial. Petitioner has not shown that there was evidence pertaining to it withheld by the State at the time of trial.

The medical evidence, which petitioner alleges was suppressed, is a medical report and a doctor's statement. He contends that the report, if believed, would have proven that the victim was not raped. While petitioner states that the report and the doctor's statement were withheld, he indicates that both were available at trial. Instead of offering proof to demonstrate that the report and statement were unknown to the defense at the time of trial, he contends that the clothes seized from his car did not belong to him and that no witness for the prosecution could identify him as the perpetrator of the crime. Careful reading of the petition reveals that petitioner, rather than arguing that the evidence was hidden from the defense, argues that the State did not present the evidence fairly and in the light most favorable to the defense. As such, petitioner's claim is one of the sufficiency of the evidence to sustain the judgment and, as stated, not within the purview of a coram-nobis proceeding.

Finally, petitioner asks this court to decide if an effective attorney would have asked a witness a particular question at trial. To the degree that petitioner is asking this court to determine whether he was afforded effective assistance of counsel at trial, allegations of

SLIP OPINION

ineffective assistance of counsel are properly raised in a timely petition under Arkansas Rule of Criminal Procedure 37.1. The issue is not a ground for relief on a petition for writ of error coram nobis. *Hooper*, 2015 Ark. 108. A request for the writ is not a substitute for raising an allegation under the Rule. *Mackey*, 2014 Ark. 491.

Petition denied.