SLIP OPINION

Cite as 2015 Ark. 381

# SUPREME COURT OF ARKANSAS

No. CR-15-543

| | |
|---|---|
| TYRONE SWIFT<br>APPELLANT | **Opinion Delivered** October 22, 2015 |
| V. | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-2645] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

**PER CURIAM**

In 2013, appellant Tyrone Swift entered a negotiated plea of guilty to first-degree battery and first-degree criminal mischief. He was sentenced as a habitual offender to an aggregate term of 300 months' imprisonment. On January 21, 2015, Swift filed in the trial court a pro se petition for writ of error coram nobis. The petition was denied.[1]

Swift has lodged an appeal in this court from the order denying his petition. He now seeks by pro se motion an extension of time to file his brief-in-chief. Because it is clear from the record that Swift could not prevail if the appeal were permitted to go forward, the appeal is dismissed, and the motion is moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted

---

[1]The trial court's order states that Swift entered pleas of "no contest" to the two charges and was sentenced to serve a total of 23 years' imprisonment, but the sentencing order reflects that the pleas were guilty pleas and that the aggregate sentence was 300 months' imprisonment.

to go forward where it is clear that the appellant could not succeed on appeal. *Croston v. State*, 2014 Ark. 324, at 1-2 (per curiam).

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7, at 13–14. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7, at 13–14. There is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for

addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Swift first contended that a writ of error coram nobis should be issued on the ground that he was not afforded effective assistance of counsel when he entered his plea. The allegation is not a ground for the writ. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *White v. State*, 2015 Ark. 151, at 4–5, 460 S.W.3d 285, 288.

Swift next alleged that the trial court made errors in the guilty-plea proceeding. He pointed specifically to the fact that he had been convicted of both first-degree battery and first-degree criminal mischief, which he argued arose from the same conduct. He further asserted that the evidence was not sufficient to sustain the convictions.

These allegations are also outside the purview of a coram-nobis proceeding. Assertions of trial error do not provide a ground to grant a writ of error coram nobis. *See Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). When a defendant enters a plea of guilty, the guilty plea is his trial, and claims of trial error should be brought at trial. *See Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1986); *see also Wilburn v. State*, 2014 Ark. 394, 441 S.W.3d 29 (per curiam). With respect to whether there was sufficient evidence to support the convictions, any issue concerning

SLIP OPINION

the sufficiency of the evidence was an issue to be settled before Swift entered his plea of guilty. *See Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. His contention that the evidence did not establish that he was guilty is not a claim cognizable in a coram-nobis proceeding after the plea was entered. *See Noble v. State*, 2015 Ark. 215, at 3–4, 462 S.W.3d 341, 345 (per curiam).

The trial court noted in its order denying the coram-nobis petition that in pretrial proceedings Swift had repeatedly maintained that he had a mental disease or defect, that it had determined that he was competent some months before he opted to plead guilty, and that Swift did not contend in his petition that the plea was coerced. As Swift's final ground for the writ, he argued that the trial court was wrong to base its conclusion that he was competent to stand trial on the opinion of the staff of Arkansas State Hospital. Swift alleged that there was compelling evidence in the form of copious medical records to show that he had used drugs extensively, been treated multiple times for seizures, suffered from a mental defect and a seizure disorder, was not taking his medication for epilepsy, and was unable to live independently. He asserted that the trial court should have declined to accept his plea in light of the evidence of his incompetency.

Swift was clearly attempting to use his coram-nobis petition as a means to challenge the trial court's pretrial determination of competence to challenge its acceptance of the plea and to question the strength of the evidence against him. As stated, the time to challenge the pretrial determination of competence was before the plea was entered. Swift opted to abandon the competency issue when he entered his plea, and, by pleading guilty, he waived any claim that he was not guilty of the charges. *See Beverage v. State*, 2015 Ark. 112, at 7, 458 S.W.3d 243, 248.

To the extent that it could be said that Swift was intending in his petition to claim that he was insane when he entered his plea, insanity at the time of trial is a ground for the writ. When claiming insanity at the time of trial, however, the burden is on the petitioner who claims a history of mental defect or illness to overcome the strong presumption that the judgment was valid. *Noble*, 2015 Ark. 215, at 3, 462 S.W.3d at 344. Swift did not present facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was insane and incompetent to proceed. The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Millsap v. State*, 2014 Ark. 493, 449 S.W.3d 701. There was no fact in Swift's petition that he could not have brought out at the time of trial to demonstrate that he was not sane. He did not show that there existed some fact —incompetence at the time of the guilty plea—that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374 (citing *Ridgeway v. State*, 239 Ark. 377, 389 S.W.2d 617 (1965), *cert. denied*, 382 U.S. 902 (1965) (stating that the mental examination of the petitioner by state hospital officials, which was reported to the circuit court, showed that any possible claim of the petitioner's insanity was before the circuit court and could not later be considered in a petition for writ of error coram nobis)).

Appeal dismissed; motion moot.