SLIP OPINION

Cite as 2016 Ark. 140

# SUPREME COURT OF ARKANSAS.
No. CR–15–967

| | | |
|---|---|---|
| DUANE GONDER | | **Opinion Delivered** March 31, 2016 |
| | PETITIONER | |
| | | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT AND MOTIONS TO SUPPLEMENT RECORD, TO FILE A SUPPLEMENTAL ARGUMENT, AND FOR APPOINTMENT OF COUNSEL [NO. 22CR-09-99] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | HONORABLE DON GLOVER, JUDGE |
| | | AFFIRMED; MOTIONS MOOT. |

## PER CURIAM

In 2010, appellant Duane Gonder entered a plea of guilty in the Drew County Circuit Court to first-degree murder and aggravated assault in case no. 22CR-09-99 for which he was sentenced to 360 and 72 months' imprisonment, respectively. He also entered a guilty plea on the same day to furnishing prohibited articles into a correctional facility in case no. 22CR-10-53 for which he was sentenced to 120 months' imprisonment. The sentences in both cases were ordered served consecutively for an aggregate term of 552 months' imprisonment.

On July 20, 2015, Gonder filed in the trial court a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in 22CR-09-99. While the petition was filed only in 22CR-09-99, it raised issues pertaining to 22CR-10-53 as well as 22CR-09-99. Gonder later filed an amended petition in 22CR-09-99 in which he again raised arguments in both cases. In its order, the trial court addressed

SLIP OPINION

the claims raised with respect to both cases and declined to issue the writ. Gonder brings this appeal. Gonder filed motions seeking to supplement the record, to file a supplemental argument in this appeal, and for appointment of counsel. Because the appeal is clearly without merit, those motions are moot.

The standard of review of an order entered by the trial court on a petition for writ of error coram nobis is whether the trial court abused its discretion in granting or denying the writ. *Newman v. State*, 2014 Ark. 7. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852. The trial court's findings of fact, on which it bases its decision to grant or deny the petition for writ of error coram nobis, will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Newman*, 2014 Ark. 7. There is no abuse of discretion in the denial of error-coram-nobis relief when the claims in the petition were groundless. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Gonder's first point for reversal of the order is that the trial court abused its discretion by accepting his guilty plea because the plea was coerced by "overcharging" by the State. He bases the claim on the fact that he was originally charged with kidnapping and aggravated residential burglary and that those charges were dropped in exchange for his plea of guilty. He contends that those charges, as well as the furnishing-a-prohibited-articles charge and the capital-murder charge that was reduced to first-degree murder, were not supported by the evidence.

Gonder concedes that this court has held that a petitioner's fear of a more severe sentence, if he opts to stand trial rather than enter a plea of guilty, is not coercion which warrants granting a writ of error coram nobis. Nevertheless, he argues that the circumstances of his case are such that the writ is warranted because there was no "report, prosecution cover sheet or a primary victim information sheet concerning the kidnapping and aggravated-residential burglary charges, which the State used to enhance the murder charge to capital murder." He also argues that the State withheld evidence from the defense in the form of victim-impact statements and "the classification of the punishment and statute on the charge of furnishing a prohibited article," a crime of which he is actually innocent.

SLIP OPINION

The trial court held that Gonder's claims did not justify granting coram-nobis relief, and we agree. With respect to Gonder's contention that his guilty plea was coerced by overcharging, his argument primarily rested on the strength of the evidence against him. In his petition, he asserted at length that the facts that supported the original charges were insufficient to sustain the charges. Issues concerning the sufficiency of the evidence or the credibility of witnesses, however, are not cognizable in coram-nobis proceedings. *McArthur v. State*, 2014 Ark. 367, at 7, 439 S.W.3d 681, 685, *cert. denied*, ___ U.S. ___, 135 S. Ct. 1432 (2015). Gonder did not demonstrate that his plea was obtained through intimidation, coercion, or threats inasmuch as the petition did not allege that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as cognizable for coram-nobis relief. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. The mere fact that Gonder was aware that he could receive a more severe penalty if he went to trial did not rise to the level of coercion within the purview of a coram-nobis proceeding. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852.

As his second ground for reversal of the trial court's order, Gonder argues that the State withheld material evidence pertaining to the charge of furnishing a prohibited article into a correctional facility. If the claim were proven, it would be ground for the writ because the State's withholding of material evidence is cause to grant the writ in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963).

In *Strickler v. Greene*, 527 U.S. 263, the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been

disclosed to the defense, the result of the proceeding would have been different." *Strickler,* 527 U.S. at 280, (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)). To determine whether the proposed attack on the judgment is meritorious so as to warrant the granting of permission to reinvest jurisdiction in the trial court to pursue a writ of error coram nobis, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth of those claims. *Isom v. State,* 2015 Ark. 225, 462 S.W.3d 662.

Gonder did not demonstrate a *Brady* violation in his petition because his claim was based entirely on the sufficiency of the evidence to prove the charge. Any challenge he desired to raise to the charge should have been raised before he chose to enter a plea of guilty. *Swift v. State*, 2015 Ark. 381, at 4 (per curiam). A claim that the evidence did not establish that he was guilty was outside the purview of a coram-nobis proceeding. *Id.*

Gonder next asserts that the State withheld victim-impact statements from the defense. He contends that the State concealed a statement his mother had made in a letter to the prosecutor concerning the suffering she had endured because Gonder and the murder victim were both her sons. The allegation must fail because it is clear that Gonder was aware of who the victims were before he entered his plea, and he offered no fact in his petition to establish that the State concealed the opinions of those victims from the defense before the plea was entered. A court considering a claim of a *Brady* violation in a coram-nobis petition in not required to take the allegation at face value without substantiation. *Ventress v. State*, 2015 Ark. 181, at 5, 461 S.W.3d 313, 316 (per curiam). Moreover, Gonder did not demonstrate with facts that he would not have entered a plea of guilty or that the

outcome of the proceeding would otherwise have been different had the defense had access to a particular statement. The petitioner in a coram-nobis proceeding has the heavy burden of demonstrating with proof that there existed some fact that would have prevented rendition of judgment had it been known to the trial court and that, through no negligence or fault of his, was not brought forward before rendition of judgment. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374.

Because Gonder's petition for writ of error coram nobis did not state a cognizable claim for relief, the trial court did not abuse its discretion in denying his petition. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. Accordingly, we affirm the order.

Affirmed; motions moot.

*Duane Gonder*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.