SLIP OPINION

Cite as 2016 Ark. 463

# SUPREME COURT OF ARKANSAS.

No. CR–00–587

| | |
|---|---|
| LEONARD NOBLE<br><br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** December 15, 2016<br><br>PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT, NO. 66CR-98-72]<br><br><u>PETITION DENIED</u>. |

**PER CURIAM**

In 1999, petitioner Leonard Noble was found guilty by a jury of residential burglary and rape and was sentenced as a habitual offender to an aggregate sentence of 900 months' imprisonment. The Arkansas Court of Appeals affirmed. *Noble v. State*, CR–00–587 (Ark. App. Sept. 19, 2001) (unpublished) (original docket no. CACR 00-587). On August 22, 2016, Noble filed this, his third pro se petition requesting this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward

---

[1]For clerical purposes, the motion was assigned the same docket number as the direct appeal.

before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

Noble seeks leave to proceed in the trial court for a writ of error coram nobis, claiming the following: that he was not identified as the rapist by the victim and no witness identified him; that the prosecutor withheld doctor's statements, medical examination results, results of "testable" DNA, and comparisons of hair results, particularly those labeled "Q-11"; that there was no medical staff testimony; that the prosecutor told his trial counsel there was no "testable" DNA but there was "testable" evidence from the rape kit; that the

rape-kit results were withheld, which would have shown the victim was not penetrated and that no rape had occurred; that trial counsel requested testable material evidence and the results of the medical examination but the State withheld the evidence, specifically the results of the rape kit and the hair; and that "Linda" was subpoenaed but was never called to testify because the "prosecutor [ ] told [t]rial [a]ttorney not to call her[,]" which entitled him to relief. Noble has previously petitioned this court twice for leave to reinvest jurisdiction in the trial court to proceed with a petition for coram-nobis relief, and this court has denied both petitions. *See Noble v. State*, 2015 Ark. 215, 462 S.W.3d 341 (per curiam); *Noble v. State*, 2014 Ark. 332, 439 S.W.3d 47 (per curiam).

In his first petition to reinvest jurisdiction with the trial court to entertain a petition for a writ of error coram nobis, Noble argued that the trial court erred by not ordering a psychological evaluation and not holding a hearing on his mental condition and for not allowing the defense to hire an expert witness to examine the physical evidence adduced at trial. This court found that a claim that the trial court made errors at trial does not fall within one of the four categories that warrant coram-nobis relief nor do claims concerning the sufficiency of the evidence or the credibility of witnesses. *See Noble*, 2015 Ark. 215, at 3–4, 462 S.W.3d at 344–45. Noble argued that the State withheld evidence that there was no evidence to establish his guilt; no testimony about evidence of rape from any medical staff member; and no DNA evidence. *Noble*, 2014 Ark. 332, at 3, 439 S.W.3d at 50. He further argued that neither the victim nor any other witness was able to identify him as the rapist and that the state crime-laboratory report and rape kit did not reveal a match or any sign of rape to the victim. *See id.* This court found that Noble failed to allege that the

records he claimed were withheld contained any particular exculpatory information that was not known at the time of trial and could not have been secured by the defense because the State had somehow concealed it and that Noble's vague claims were insufficient to satisfy his burden that the writ should issue. *Noble*, 2014 Ark. 332, at 4-5, 439 S.W.3d at 50. Furthermore, to the extent that Noble's assertions concerning the alleged suppression of exculpatory evidence constituted claims that the evidence was insufficient to sustain the judgment, claims concerning sufficiency of the evidence are not cognizable in coram-nobis proceedings. *Id*.

In his second petition to reinvest jurisdiction, Noble argued that he was insane at the time of trial; however, Noble's mere statement that he suffered from mental problems from a young age and an affidavit stating that he had mental problems were insufficient to demonstrate incompetence at the time of trial. *Noble*, 2015 Ark. 215, at 3, 462 S.W.3d at 344. Noble again argued that the State withheld evidence from the defense. Specifically, Noble focused on a hair labeled "Q-11" and that "Q-11" would have established his innocence. *Noble*, 2015 Ark. 215, at 4–5, 462 S.W.3d at 345. At trial, testing on "Q-11" was discussed, and its results were known and discussed at the time of trial. *Id*. Again, Noble argued that the State suppressed medical and doctor's reports that would have proven the victim was not raped. *Noble*, 2015 Ark. 215, at 5, 462 S.W.3d at 345–46. Specifically, Noble claimed that the State did not present the evidence fairly—not that the State hid the evidence from the defense. *Id*. Such a claim is one of the sufficiency of the evidence to sustain the judgment and, as this court found, is not within the purview of a coram-nobis proceeding. *Noble*, 2015 Ark. 215, at 5, 462 S.W.3d at 346. Noble further argued that

counsel was ineffective, a claim that is clearly not within the purview of a coram-nobis proceeding. *Noble*, 2015 Ark. 215, at 6, 462 S.W.3d at 346.

In this present petition, Noble again fails to allege any facts sufficient to distinguish his current claims from his two prior attempts seeking coram-nobis relief, excepting one claim regarding the subpoena of Linda as a witness.[2] His claims on the evidence and results were known at the time of trial, and the majority of his claims attack the sufficiency of the evidence to sustain his judgment and are not within the purview of a coram-nobis proceeding. *See Noble*, 2015 Ark. 215, at 5, 462 S.W.3d at 346; *Noble*, 2014 Ark. 332, at 4–5, 439 S.W.3d at 50. When an issue could have been raised at trial or is cognizable in some other legal proceeding, that issue is not cognizable in a later error-coram-nobis proceeding. *Chatmon v. State*, 2015 Ark. 417, at 7, 473 S.W.3d 542, 547 (per curiam). Due process does not require this court to entertain an unlimited number of petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in a particular case. *Swanigan v. State*, 2016 Ark. 109 (per curiam); s*ee Rodgers v. State*, 2013 Ark. 294, at 3–4 (per curiam) ("[A] court has the discretion to determine whether the renewal of a petitioner's application for the writ, when there are additional facts presented in support

---

[2]To the extent Noble's generalized claim that the State withheld the rape kit and hair results could arguably be deemed a new claim, it is wholly inconsistent with the other claims made in his present petition, as well as claims in his prior petitions. Noble clearly was given the results of the rape kit because he claimed that the results were not a "match up" to him in his first petition to reinvest jurisdiction in the trial court. *Noble*, 2014 Ark. 332, at 4, 439 S.W.3d at 50. In his second petition to reinvest jurisdiction in the trial court, this court found that Noble was also clearly given the results of the hair testing, which was also known at the time of trial. *Noble*, 2015 Ark. 215, at 5, 462 S.W.3d at 345.

of the same grounds, will be permitted."). Here, however, Noble does raise one new claim regarding a witness he contended had been subpoenaed, Linda, and the failure of his trial counsel to call her as a witness—couched in terms that the prosecutor told trial counsel not to call the witness. Whether Noble is making a claim that the prosecutor somehow withheld the witness thus making a *Brady v. Maryland*, 373 U.S. 83 (1963)[3] claim or whether the claim is an ineffective-assistance-of-counsel claim, the claim remains conclusory in nature and fails to establish that there was some error. *Mosley v. State*, 333 Ark. 273, 968 S.W.2d 612 (1998); *see Williams v. State*, 2016 Ark. 92, 485 S.W.3d 254 (per curiam) (ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings). In order to carry his burden to show the writ is warranted, a petitioner must demonstrate that the State had specific evidence that would have been sufficient to have prevented rendition of the judgment. *Harris v. State*, 2010 Ark. 489 (per curiam). All of Noble's claims remain vague regarding the allegations of withheld evidence and are insufficient to meet that burden. Noble has not stated any cognizable claim for relief because all of his allegations

---

[3]To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *State v. Larimore*, 341 Ark. 397, 404, 17 S.W.3d 87, 91 (2000). Furthermore, assuming that the alleged withheld evidence meets the requirements of a *Brady* violation and is both material and prejudicial, in order to justify issuance of the writ, the withheld material evidence must also be such as to have prevented rendition of the judgment had it been known at the time of trial. *Smith v. State*, 2015 Ark. 188, at 4–5, 461 S.W.3d 345, 349 (per curiam). To merit relief, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Id*.

SLIP OPINION

concern a matter which was known or could have been known at the time of trial and addressed at that time. *Watts v. State*, 2013 Ark. 485, at 5 (per curiam).

Petition denied.