# SUPREME COURT OF ARKANSAS

No. CR-95-985

| | | |
|---|---|---|
| GREG HOGUE | | **Opinion Delivered** April 13, 2017 |
| | PETITIONER | |
| | | PRO SE SECOND PETITION TO REINVEST |
| V. | | JURISDICTION IN THE TRIAL COURT TO |
| | | CONSIDER A PETITION FOR WRIT OF |
| STATE OF ARKANSAS | | ERROR CORAM NOBIS AND TO PROCEED IN |
| | | FORMA PAUPERIS |
| | RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-94-904] |
| | | |
| | | PETITION DENIED. |

## PER CURIAM

A jury found petitioner Greg Hogue guilty of capital murder in the death of Jess Brown for which he was sentenced to life imprisonment without parole. This court affirmed the judgment. *Hogue v. State*, 323 Ark. 515, 915 S.W.2d 276 (1996). On January 19, 2017, Hogue filed his second petition requesting this court to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1]

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are

---

[1]For clerical purposes, the motion was assigned the same docket number as the direct appeal.

SLIP OPINION

attended by a strong presumption that the judgment of conviction is valid. *Id*. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Hogue seeks leave to proceed in the trial court for a writ of error coram nobis for a second time, contending the State committed prosecutorial misconduct by failing to disclose an intimate relationship between the prosecutor and the circuit judge.[2] Specifically, he contends that the failure of the prosecutor and the circuit

---

[2]When a petitioner files a successive application for coram nobis relief in this court, it is an abuse of the writ to argue the same claims that have been addressed if the petitioner does not allege new facts that are sufficient to distinguish his latest claims from the prior claims. *Wallace v. State*, 2016 Ark. 400, at 11, 503 S.W.3d 754, 760 (per curiam). Hogue's second application is not an abuse of the writ as he raises wholly new claims. *See Hogue v. State*, 2011 Ark. 496 (per curiam) (Hogue requested

judge to disclose the "exculpatory evidence" of their relationship violated his constitutional rights and that the outcome of the trial would have been different because the circuit judge favored the prosecutor during the entire trial court proceedings by denying multiple defense motions and objections; the circuit judge allowed extra preemptory strikes in favor of the prosecution; and the defense could have filed a motion to have the circuit judge recuse himself from the case. Hogue also argues that the State committed prosecutorial misconduct by failing to disclose that the prosecutor was in an intimate relationship with the circuit judge when Hogue filed his Rule 37.1 petition.[3]

A *Brady* violation is established when material evidence favorable to the defense is wrongfully withheld by the State. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result

the writ claiming *Brady v. Maryland*, 373 U.S. 83 (1963), violations involving five specific documents.).

[3]To the extent Hogue attempts to utilize the petition to reinvest to seek relief from any error in his Rule 37 proceedings, the attempt fails because the function of the writ is to secure relief from the judgment while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *See Newman*, 2009 Ark. 539, 354 S.W.3d 61.

of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *see Howard*, 2012 Ark. 177, 403 S.W.3d 38.

Hogue's claims are conclusory in nature and fail to establish that there was error. *Noble v. State*, 2016 Ark. 463, 505 S.W.3d 687 (per curiam). In order to carry his burden to show that the writ is warranted, a petitioner must demonstrate that the State had specific evidence that would have been sufficient to prevent rendition of the judgment. *Id.* Hogue contends that the prosecutor and the circuit judge were in an intimate relationship during the time of his trial yet he fails to demonstrate how that relationship even qualifies as evidence and, if considered as evidence, whether that evidence is material, much less, exculpatory. Moreover, the court is not required to accept at face value the allegations of the petition. *Chatmon v. State*, 2015 Ark. 417, at 2, 473 S.W.3d 542, 544 (per curiam). Hogue's allegations are conclusory, and he offers no factual substantiation that any specific, particular evidence was hidden from the defense at the time of trial, nor does he identify any specific motions or rulings that favored the prosecution or a specific extra preemptory strike and how the outcome of the trial would have been different had any particular evidence been

disclosed. *Evans v. State*, 2016 Ark. 377, at 5, 501 S.W.3d 819, 822–23 (per curiam). Hogue fails to establish a *Brady* violation or to point to any prejudice that may have ensued, which would warrant granting the petition.

Hogue fails to raise a claim that falls within the purview of a coram nobis proceeding because the error he claims is not an error found in one of the four above-referenced categories of error, i.e., insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession.[4] *Howard*, 2012 Ark. 177, 403 S.W.3d 38. None of the claims raised by Hogue demonstrate that there was some fundamental error at trial or that there existed some fact that would have prevented rendition of the judgment if it had been known to the trial court and which, through no negligence or fault of his own, was not brought forward before rendition of judgment.[5] *Newman*, 2009 Ark. 539, 354 S.W.3d 61.

Petition denied.

---

[4]Although the four categories are not set in stone, the remedy of coram nobis remains an extraordinary remedy. *See Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716.

[5]Hogue fails to make any allegation of judicial bias because he stated a claim of prosecutorial misconduct for the State's failure to disclose the alleged relationship. Even had Hogue alluded to a claim of judicial bias, to state a ground for the writ on that basis, a petitioner must show that there was a reasonable probability that he would not have been convicted if an unbiased judge had served, and an allegation of the mere appearance of impropriety is not sufficient. *Chatmon*, 2015 Ark. 417, at 3, 473 S.W.3d at 545. Hogue did not make any argument or showing of fundamental error to support relief because he failed to demonstrate any actual bias with his conclusory claims. *Id.*

HART, J. dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I respectfully dissent from this court's denial of Greg Hogue's petition for writ of error coram nobis. Hogue contends that the deputy prosecutor who prosecuted him and the circuit judge who presided over his trial were in an intimate relationship during the time of his trial. Contrary to the majority's conclusion, Hogue has raised not only a claim of prosecutorial misconduct but also a claim of judicial bias, which we have recently held falls within the purview of an error coram nobis proceeding. *McArthur v. State*, 2017 Ark. 120 (per curiam). By engaging in a narrow, cramped reading of Hogue's petition, the court essentially treats two judicial bias claims differently, even though both were raised in error coram nobis proceedings. Moreover, Hogue's claim that he was tried by a circuit judge who was in an intimate relationship with the deputy prosecutor is a claim of actual bias, which is a fundamental error.[1] *Chatmon v. State*, 2015 Ark. 417, at 3, 473 S.W.3d 542, 545 (per curiam) (stating that a petitioner does not make the necessary showing of fundamental error to support relief when there is no demonstration of actual bias). I would consider the merits of Hogue's judicial bias claim.

---

[1] This court has discussed this relationship in other cases. *See Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001), *mandate recalled*, *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006).