Cite as 2022 Ark. 37

# SUPREME COURT OF ARKANSAS

No. CR-00-587

| | |
|---|---|
| | **Opinion Delivered:** February 17, 2022 |
| LEONARD NOBLE | |
| | PRO SE FOURTH PETITION TO |
| | REINVEST JURISDICTION IN THE |
| PETITIONER | TRIAL COURT TO CONSIDER A |
| V. | PETITION FOR WRIT OF ERROR |
| | CORAM NOBIS; MOTION FOR |
| STATE OF ARKANSAS | LEAVE TO FILE SURRESPONSE |
| RESPONDENT | [SEBASTIAN COUNTY CIRCUIT |
| | COURT, GREENWOOD DISTRICT, |
| | NO. 66GCR-98-72] |
| | |
| | PETITION DENIED; MOTION |
| | DENIED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner Leonard Noble brings this pro se fourth petition to reinvest jurisdiction in

the trial court to consider a petition for writ of error coram nobis. In his petition, Noble

alleges that the State falsified or failed to disclose evidence against him. He also alleges

testimony about hair-comparison analysis was improperly admitted at his trial because hair-

comparison science is imprecise and suspect.[1] We deny Noble's petition because it fails to

contain facts that would support a cognizable claim for issuance of the writ.

I. *Background*

---

[1]Noble has also filed a motion for leave to file a surresponse. We deny this motion
because the prevailing rules of procedure do not allow such a response

In 1999, a jury found Noble guilty of residential burglary and rape, and he was sentenced as a habitual offender to an aggregate term of 900 months' imprisonment. The Arkansas Court of Appeals affirmed. *Noble v. State*, CR-00-587 (Ark. App. Sept. 19, 2001) (unpublished) (original docket no. CACR 00-587). Noble then petitioned three times for leave to reinvest jurisdiction in the trial court to proceed with a petition for coram nobis relief. We have denied each petition. *See Noble v. State*, 2016 Ark. 463, 505 S.W.3d 687 (per curiam); *Noble v. State*, 2015 Ark. 215, 462 S.W.3d 341 (per curiam); *Noble v. State*, 2014 Ark. 332, 439 S.W.3d 47 (per curiam).

## II. *Nature of the Writ*

Once a case has been affirmed on direct appeal, this court must grant permission before a trial court can hear a writ of error coram nobis. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). There is a presumption in coram nobis proceedings that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The writ functions to secure relief from a judgment when some fact existed that would have prevented the judgment's rendition had the fact been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found most commonly in four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. However, we have also extended the writ under the "rule of reason" where (1) the State presented expert scientific opinion at trial; (2) the expert was an agent of the government; and (3) that same government later repudiates the expert's scientific opinion. The rule of reason "is simply that the writ ought to be granted or else a miscarriage of justice will result." *Strawhacker v. State*, 2016 Ark. 348, at 7, 500 S.W.3d 716, 720 (cleaned up).

A *Brady* claim of material evidence withheld from the defense falls within the purview of coram nobis relief. *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Williams v. State*, 2021 Ark. 190, 632 S.W.3d 734. Before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State before trial and that the defense did not have it. *Id.*

### III. *Claims for Relief*

Noble's petition consists of transcribed testimony introduced at his trial. As to each claim that the State withheld certain evidence, Noble makes self-defeating arguments by referencing points at trial where that same evidence was discussed. Thus, he cannot establish that he lacked material evidence at the time of his trial. Noble also claims the State failed to

3

disclose other evidence; but these claims fail too because they are conclusory and fail to identify what evidence the State withheld and whether that evidence would have been exculpatory. Nor does Noble explain how he was prejudiced. Rather, Noble's petition speculates that certain unidentified evidence must have been withheld because he can see no other hypothesis.

Last, Noble raises a claim about the hair-comparison testimony. He contends that hair-comparison testimony has been shown to be unreliable for identification. In two other cases, we reinvested jurisdiction for a trial court to consider granting the writ based on exaggerated scientific correlations linking a defendant to a crime through hair-comparison testimony. *See, e.g.*, *Strawhacker*, *supra*; *Pitts v. State*, 2016 Ark. 345, 501 S.W.3d 803. However, this did not happen at Noble's trial. The expert from the state crime lab testified that of all the hairs and fibers collected at the scene, only one had similar characteristics to Noble's hair sample.[2] Even then, the expert was cautious and testified that 10,000 individuals could have had similar characteristics and that hair analysis was not a basis to identify someone. The testimony was tempered, not exaggerated, and, importantly, has not been repudiated. *Cf. Strawhacker*, 2016 Ark. 348, at 3, 500 S.W.3d at 718 (noting Department of Justice had notified defendant that its expert "overstated the conclusion that may be appropriately drawn" from hair-comparison analysis).

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Lowery v. State*, 2021 Ark. 97, at 8 n.2, 621 S.W.3d 140, 146.

Noble does not meet the criteria for granting the petition for writ of error coram nobis under the rule of reason or any other ground.

Petition denied; motion denied.

*Leonard Noble*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for respondent.