SLIP OPINION

Cite as 2014 Ark. 493

# SUPREME COURT OF ARKANSAS

No. CR-14-847

| | |
|---|---|
| | **Opinion Delivered** November 20, 2014 |
| LEE CHARLES MILLSAP, A/K/A LEE CHARLES MILLSAP, JR. APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF AND PETITION FOR WRIT OF CERTIORARI |
| V. | [PULASKI COUNTY CIRCUIT COURT [60CR-97-865] |
| STATE OF ARKANSAS APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | <u>APPEAL DISMISSED; MOTION AND PETITION MOOT</u>. |

## PER CURIAM

In 1998, appellant Lee Charles Millsap, who is also known as Lee Charles Millsap, Jr., entered a plea of guilty in the Pulaski County Circuit Court to multiple felony offenses. He was sentenced to an aggregate term of life imprisonment without parole.

Appellant subsequently filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1998). The petition was denied, and this court affirmed the order. *Millsap v. State*, CR-99-437 (Ark. Sept. 21, 2000) (unpublished per curiam).

In 2010, appellant filed in the trial court a pro se petition for writ of error coram nobis. While appellant provided a lengthy account of the history of his case, appellant's only arguments for the writ were that he was denied effective assistance of counsel when he entered his plea of guilty and was also denied effective counsel in his Rule 37.1 proceeding because counsel did not

arrange a psychiatric evaluation for him before the evidentiary hearing on the Rule 37.1 petition.[1] The trial court treated the claims as allegations that appellant was insane at the time of trial and that his plea was coerced and denied appellant's coram-nobis petition. Appellant brings this appeal from the order.

Now before us is appellant's pro se motion for extension of time to file his brief-in-chief and his petition for writ of certiorari in which he urges this court to find that the trial court erred in denying the coram-nobis petition. We need not address the merits of the motion or the petition because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of error coram nobis, will not be permitted to go forward where it is clear that the appellant could not prevail. *Edwards v. State*, 2013 Ark. 517 (per curiam). Accordingly, the appeal is dismissed, and the motion and petition are moot.

A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Greene v. State*, 2013 Ark. 251 (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating

---

[1]Appellant also asserted that a federal court had refused to allow him to file successive petitions "so the court did not reach merit of this claim." It is not clear what, if any relief, appellant was seeking from the trial court on the claim, and the trial court made no mention of it in its order.

SLIP OPINION

SLIP OPINION

a fundamental error of fact extrinsic to the record. *Burks v. State*, 2013 Ark. 188 (per curiam).

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Cromeans*, 2013 Ark. 273. We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Greene*, 2013 Ark. 251.

We first note that appellant's allegations of ineffective assistance of counsel are not cognizable in a coram-nobis proceeding. Assertions of inadequate counsel with respect to entry of a guilty plea are properly brought pursuant to Arkansas Rule of Criminal Procedure 37.1. *Schrader v. State*, 2014 Ark. 379, 441 S.W.3d 1 (per curiam). We have consistently held that a petition for writ of error coram nobis is not a substitute for raising claims of ineffective assistance of counsel under Rule 37.1. *See Mason v. State*, 2014 Ark. 288, 436 S.W.3d 469 (per curiam). Likewise, appellant's allegation that he was not adequately represented by counsel in the Rule 37.1 proceeding did not form a basis for relief in a coram-nobis proceeding.

With respect to any claim appellant may have raised that he was not sane when he entered his plea of guilty, the claim is one cognizable in a coram-nobis proceeding. Appellant, however, did not demonstrate that there was a cause to issue the writ. In his Rule 37.1 petition, appellant contended that counsel was ineffective for failure to pursue an insanity defense. The trial court held an evidentiary hearing that reflected that counsel did indeed pursue an insanity defense, including efforts to obtain a second psychiatric examination for appellant. We noted

SLIP OPINION

in our decision affirming the denial of the Rule 37.1 petition that counsel had testified at the hearing that he was unable to obtain an expert to refute the evidence put forth by the State. Counsel testified that the effort to develop the insanity defense was not pursued past the point that appellant elected to enter a plea of guilty.

If the statements in appellant's coram-nobis petition can be said to be assertions of insanity at the time of trial, appellant presented no facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was incompetent to proceed. Clearly, it can be gleaned from the issues raised in appellant's Rule 37.1 proceeding that an insanity defense was considered by counsel at length. Appellant did not establish in his coram-nobis petition that there was any information concerning his competence of which the defense was either unaware at the time of trial or could not have uncovered at the time of trial. The application for coram-nobis relief must make a full disclosure of specific facts relied upon as the basis for the writ. *Maxwell v. State*, 2009 Ark. 309 (per curiam) (citing *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004)). Appellant fell short of meeting his burden of pointing to a fact extrinsic to the record on which a writ of error coram nobis should issue. *See id.*

As to any issue appellant may have raised in the coram-nobis petition concerning whether his plea was coerced, the trial court held in the Rule 37.1 proceeding that appellant had failed to show that his plea was obtained through intimidation, coercion, or threats. To the extent that appellant raised the same issue in the coram-nobis petition, that petition contains no claims that his plea was coerced in the sense that the plea was the result of fear, duress, or threats of mob

violence as previously recognized by this court as cognizable in coram-nobis relief. *See Weekly v. State*, 2014 Ark. 365, 440 S.W.3d 341 (per curiam). The mere fact that appellant's trial counsel informed him that he could receive a more severe penalty if he went to trial did not rise to the level of coercion within the purview of a coram-nobis proceeding. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852; *see also Wright v. State*, 2014 Ark. 25 (per curiam), *cert. denied*, ___ U.S. ___, 134 S. Ct. 2705 (2014) (Allegation that petitioner's plea was coerced in the sense that it was involuntarily and unknowingly given as a result of erroneous advice and a lack of understanding of his mental condition on the part of counsel, the trial court, and the prosecution was not sufficient to establish a ground for issuance of the writ.).

As there was no fact extrinsic to the record cited by appellant that could not have been known at the time that his plea of guilty was entered, he did not state a ground for the writ. *See Demeyer v. State*, 2013 Ark. 456 (per curiam).

Appeal dismissed; motion and petition moot.

*Lee Charles Millsap*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.