

# SUPREME COURT OF ARKANSAS

No. CR–09–339

| | | |
|---|---|---|
| ADAM DAVIS | PETITIONER | **Opinion Delivered** February 18, 2016 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| STATE OF ARKANSAS | RESPONDENT | [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-07-365] |
| | | PETITION DENIED. |

**PER CURIAM**

In 2008, petitioner Adam Davis was found guilty by a jury of capital murder, attempted first-degree murder, and two counts of use of a firearm in the commission of a felony. Consecutive sentences of life imprisonment without parole and a total of 720 months' imprisonment were imposed. We affirmed. *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553.

Now before us is Davis's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden

SLIP OPINION

of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. In making such a determination, we look to the reasonableness of the allegations in the petition and to the existence of the probability of truth thereof. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

In his petition, Davis argues at length that he was not afforded effective assistance of counsel at trial and on direct appeal. The claim is not a ground for a writ of error coram nobis. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute

SLIP OPINION

for raising ineffective-assistance-of-counsel claims under Arkansas Rule of Criminal Procedure 37.1 (2015). *White v. State*, 2015 Ark. 151, at 4, 460 S.W.3d 285, 288.

Davis also asserts that the evidence was not sufficient to sustain the judgment and that certain witnesses were not credible. The weight of the evidence in support of the judgment and the credibility of witnesses are also not within the purview of a coram-nobis proceeding. *Pinder v. State*, 2015 Ark. 423, 474 S.W.3d 490 (per curiam). Such questions are properly settled at trial and on the record on direct appeal. *Carter v. State*, 2015 Ark. 397 (per curiam).

Intertwined throughout Davis's petition are allegations of errors made by the trial court in its decisions in the course of the trial, the denial of due process of law, and prosecutorial misconduct. We need not reiterate the myriad errors that Davis ascribes to the trial court in its rulings or the claims of denial of due process or prosecutorial misconduct that are chiefly concerned with whether all the evidence that Davis desired to bring forth to the jury was allowed into evidence. It will suffice to say that arguments raised by Davis could have been addressed at trial because, by their very nature, the issues could have been settled at trial; therefore, the allegations, including those that Davis contends are of constitutional dimension, are outside the scope of a coram-nobis petition. *Johnson v. State*, 2015 Ark. 170, 460 S.W.3d 790 (per curiam).

The sole claim raised by Davis in his petition that could potentially be grounds for issuance of a writ of error coram nobis is that he was mentally incompetent. **Davis** alleges the following: his attorney was "never allowed to properly present the right psychiatric proof to the court or jury"; he was deprived by his attorney and the trial court of his

"evidentiary proof" because the records of the mental evaluations conducted by two psychiatrists, Dr. Robert Gale and Dr. Elizabeth Speck-Kern, were not admitted into evidence; he was denied the opportunity to raise the issue of his history of having a mental defect and having acted out of the heat of passion when he committed the offenses; it was not brought to the jury's attention that a jury instruction should have been given on manslaughter as a lesser-included offense, considering that he acted in the heat of passion.

Davis argued at trial that his intent or state of mind was the central issue in whether he was guilty of the offenses and that the State failed to prove that he acted with the requisite mental state for each offense. Defense counsel sought, and was denied, instructions on the lesser-included offenses of second-degree murder and manslaughter with extreme emotional disturbance. It appears that the crux of Davis's allegations with respect to the evidence adduced at trial, as well as the evidence that he argues could have been adduced, is that there was information available that he wanted the jury to hear that was not brought out. As such, the assertion does not satisfy any ground for granting the writ because Davis does not argue that there was any evidence extrinsic to the record that was hidden from the defense or that was unknown at the time of trial. *Larimore v. State*, 327 Ark. 271, 938 S.W.2d 818 (1997). Neither Davis's dissatisfaction with the trial court's rulings nor his dissatisfaction with the evidence presented to the jury constitutes a showing of extrinsic evidence that would have produced a different verdict had it been known at trial. *See Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004).

Throughout his petition, Davis cites legal precedent that pertains not to coram-nobis proceedings, but to motions to recall the mandate in criminal cases. It appears that he desires

this court to apply the criteria by which such motions are considered to his claims rather than to apply the criteria employed to rule on coram-nobis petitions. If so, such motions are not interchangeable with coram-nobis proceedings. Motions to recall mandates have been consistently considered by this court in criminal cases only where the death penalty has been imposed, and motions to recall the mandate in those cases are judged by criteria particular to that cause of action. *See Ward v. State*, 2015 Ark. 61, at 4, 455 S.W.3d 818, 821, *cert. denied*, ___ U.S. ___, 136 S. Ct. 356 (2015). We decline to expand coram-nobis proceedings as a remedy to include the grounds asserted by Davis.

Petition denied.