

# SUPREME COURT OF ARKANSAS

**No.** CR-08-1453

| | |
|---|---|
| JAMES EDWARD WILLIAMS<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** March 3, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-07-3386]<br><br>PETITION DENIED. |

## PER CURIAM

In 2008, petitioner James Edward Williams, who represented himself at trial with standby counsel, was found guilty by a jury of two counts of aggravated robbery, two counts of terroristic threatening in the first degree, theft of property, and battery in the third degree. Williams was sentenced as a habitual offender to an aggregate term of 360 months' imprisonment. On appeal from the judgment, Williams, who was represented by appellate counsel, contended that the trial court erred when it permitted him to represent himself. The Arkansas Court of Appeals found no error and affirmed. *Williams v. State*, 2009 Ark. App. 684. Williams's petition for review was dismissed by this court. *Williams v. State*, 2009 Ark. 589 (per curiam).

Now before us is Williams's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant

SLIP OPINION

permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. In making a determination to grant such leave, we look to the reasonableness of the allegations in the petition and to the existence of the probability of the truth thereof. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard*, 2012 Ark. 177, 403 S.W.3d 38.

In his petition, Williams argues that the writ is warranted because he was not sane at the time he committed the offenses or at the time of trial. He alleges that the mental-health examiner in his case failed to perform the "actual mental health evaluation that he claims in

the report," and, as a result, the question of his sanity was not settled in court. He further argues that his pretrial counsel failed to inform him of the results of the evaluation so that he would have known of the reason that counsel withdrew his plea of not guilty by reason of mental disease or defect.

To the degree that Williams is contending that his pretrial or standby counsel was ineffective, he has not stated a ground for the writ. This court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *White v. State*, 2015 Ark. 151, at 4─5, 460 S.W.3d 285, 288.

Williams has also not established any other basis on which the writ could be issued. When claiming insanity as a ground for the writ, the burden is on the petitioner who claims mental illness to overcome the strong presumption that the judgment was valid. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). Williams did not present facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, to establish that he was insane and incompetent to proceed. The application for coram-nobis relief must make a full disclosure of specific facts relied on as the basis for the writ. *Millsap v. State*, 2014 Ark. 493, 449 S.W.3d 701. There was no specific fact alleged in Williams's petition that he could not have brought out at the time of trial to demonstrate that he was not sane. The record on direct appeal contained a copy of the pretrial psychological evaluation conducted on Williams. It was the examiner's opinion that Williams was capable of understanding the proceedings

against him and that he did not have a substantial mental disease or defect at the time the offenses were committed. Williams has not shown that the issue of his sanity could not have been fully considered at trial. *Westerman*, 2015 Ark. 69, 456 S.W.3d 374 (citing *Ridgeway v. State*, 239 Ark. 377, 389 S.W.2d 617 (1965), *cert. denied*, 382 U.S. 902 (1965) (stating that the mental examination of the petitioner by state hospital officials, which was reported to the trial court, showed that any possible claim of the petitioner's insanity was before the trial court and could not later be considered in a petition for writ of error coram nobis)).

Petition denied.