SLIP OPINION

Cite as 2016 Ark. 296

# SUPREME COURT OF ARKANSAS

**No.** CR–09–339

| | |
|---|---|
| ADAM DAVIS, JR.<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** July 21, 2016<br><br>SECOND PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[GARLAND COUNTY CIRCUIT COURT, NO. 26CR-07-365]<br><br><br>PETITION DISMISSED. |

## PER CURIAM

Petitioner, Adam Davis, Jr., was convicted by a jury of the capital murder of his wife and attempted first-degree murder of his wife's friend and was sentenced to consecutive terms of life imprisonment without parole and an aggregate term of 720 months' imprisonment for attempted first-degree murder with two firearm enhancements. Davis's convictions and sentences were affirmed on direct appeal by this court. *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553. Now before this court is Davis's second pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.

The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented the rendition of the judgment had it been known to the trial court and which, through no fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 56, at 5, 354 S.W.3d 61, 65. A writ of error coram nobis is an extraordinarily rare remedy more known for its

denial than its approval. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

In his second petition, Davis alleges that his wife survived the gunshot wound to the head that he inflicted and that her death resulted from police incompetence in failing to provide immediate medical attention. Although Davis raised this same allegation in the first petition, he now asserts that a dash-cam video demonstrating that police failed to check his wife's vital signs was suppressed by the prosecutor, together with an investigator's report describing the conclusions of the medical examiner and a copy of his wife's death certificate, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Davis also adds an allegation that his mental deficits rendered him incompetent to stand trial.

We have held that we will not exercise our discretion to permit a successive application for the writ of error coram nobis if the petitioner is abusing the writ by alleging the same grounds without additional facts sufficient to provide grounds for the writ. *Allen v. State*, 2014 Ark. 368, at 5–6, 440 S.W.3d 329, 332–33 (per curiam). A court has the discretion to determine whether the renewal of an application for a coram-nobis petition will be permitted when a petitioner raises additional facts in support of the same claim for relief. *Rodgers v. State*, 2013 Ark. 294, at 3–4 (per curiam); *see also Jackson v. State*, 2010

Ark. 81 (per curiam); *United States v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996) (res judicata did not apply to bar a second petition for writ of error coram nobis, but abuse-of-writ doctrine was applied to subsume res judicata). Here, Davis's attempt to frame his former allegations within the context of a *Brady* claim fails to provide grounds for coram-nobis relief.

We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Goff v. State*, 2012 Ark. 68, at 3, 398 S.W.3d 896, 898 (per curiam). While allegations of a *Brady* violation fall within one of the four categories of fundamental error that this court has recognized, the fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error-coram-nobis relief. *Smith v. State*, 2015 Ark. 188, at 4–5, 461 S.W.3d 345, 349 (per curiam). To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *State v. Larimore*, 341 Ark. 397, 404, 17 S.W.3d 87, 91 (2000).

Davis's *Brady* claim is not supported by evidence demonstrating that information pertaining to the time and manner of his wife's death was withheld or unknown at the time of trial.[1] Even so, Davis does not allege facts establishing that such evidence was material. Material evidence in the context of a *Brady* violation has been defined as evidence giving

---

[1] The investigative report that Davis alleges was withheld by the prosecutor discloses information that was consistent with the medical examiner's trial testimony.

rise to a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would be different. *Smith*, 2015 Ark. 188, at 4-5, 461 S.W.3d at 349. Although there is no evidence that Davis's wife initially survived three gunshots wounds, including one to the head,[2] whether she was alive when police arrived at the scene is neither exculpatory nor material. *See Jefferson v. State*, 372 Ark. 307, 312, 276 S.W.3d 214, 219 (2008) (one whose wrongdoing is a concurrent proximate cause of an injury is criminally liable the same as if his wrongdoing were the sole proximate cause of the harm done.).

In his first coram-nobis petition, Davis argued that evidence of mental impairment demonstrating diminished capacity at the time he committed the crime was erroneously excluded at the time of his trial. *Davis v. State*, 2016 Ark. 69, at 2 (per curiam). In his second petition, Davis adds an allegation that his mental impairment rendered him incompetent to stand trial. In support of his allegation that he lacked the capacity to understand the proceedings or assist in his defense, Davis relies on an evaluation provided by Dr. Elizabeth Speck-Kern, which outlined Davis's mental and cognitive impairments. Dr. Speck-Kern was hired by defense counsel, and her report and the opinions contained therein were known at the time of trial. The burden is on a petitioner who claims a history of mental defect or illness to overcome the strong presumption that the judgment was valid. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). In meeting this

---

[2] In support of his allegation that his wife was alive when police arrived at the scene, Davis relies on testimony from the medical examiner that Davis's wife was alive when she was shot in the head. However, the medical examiner never opined that Davis's wife survived the head wound.

burden, the petitioner must demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, that could have established that he was incompetent to proceed. *Id.* Davis's conclusory allegations that he was unable to understand the proceedings against him were addressed at the time of trial wherein Davis was found competent to proceed, and this finding was not contradicted by the opinion of Dr. Speck-Kern.

Again, as in his first petition, the crux of Davis's mental-incompetence claim reasserts that evidence of his mental impairment was not presented to the jury due to the unfounded actions of the trial court, Davis's trial counsel, and the prosecutor. According to Davis's second petition, the excluded evidence would have demonstrated that he was incapable of acting with premeditation and deliberation when he murdered his wife. These same allegations expressing dissatisfaction with the trial court's rulings and the evidence adduced at trial have already been rejected by this court as failing to establish a meritorious ground for coram-nobis relief. *Davis*, 2016 Ark. 69, at 2. Davis alleges no facts in this second petition that are sufficient to distinguish it from his first petition or to establish meritorious grounds for relief. *Allen*, 2014 Ark. 368, at 5–6, 440 S.W.3d at 332–33.

Petition dismissed.