SLIP OPINION

Cite as 2016 Ark. 391

# SUPREME COURT OF ARKANSAS.
## No. CR–16–662

| | |
|---|---|
| LEE CHARLES MILLSAP, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** November 10, 2016<br><br>PRO SE MOTION FOR USE OF THE RECORD ON APPEAL AND FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-97-865]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br><u>APPEAL DISMISSED; MOTION MOOT.</u> |

## PER CURIAM

In May 1998, appellant Lee Charles Millsap, Jr., also known as Solomon Millsap, pleaded guilty to capital murder, terroristic threatening, and second-degree battery in the stabbing death of his fiancée. He was sentenced to life imprisonment without the possibility of parole and two six-year terms to run concurrently with the life sentence. Millsap thereafter sought relief pursuant Arkansas Rule of Criminal Procedure 37.1 (1998), claiming his plea of guilty was the result of ineffective assistance of counsel. The petition was denied by the trial court, Millsap's postconviction counsel filed a no-merit brief, and we affirmed the trial court's order, holding that the guilty plea had been entered knowingly, intelligently, and voluntarily with the assistance of competent counsel. *Millsap v. State*, CR-99-437 (Ark. Sept. 21, 2000) (unpublished per curiam).

SLIP OPINION

In 2010, Millsap filed his first petition for coram-nobis relief in the trial court and alleged that he had been denied effective assistance of counsel when he pleaded guilty and that his postconviction counsel had been ineffective in that he failed to arrange a psychiatric evaluation before the evidentiary hearing on the Rule 37.1 petition took place. The trial court treated Millsap's allegations as claims that Millsap was insane at the time of trial and that his guilty plea had been coerced and denied relief. We dismissed the appeal because it was clear from the record that Millsap could not prevail. *Millsap v. State*, 2014 Ark. 493, 449 S.W.3d 701(per curiam).

On September 4, 2015, Millsap filed in the trial court a second pro se petition for coram-nobis relief and raised the following three claims: that he was insane at the time of trial; that the prosecutor withheld evidence of Millsap's insanity in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and that his guilty plea was coerced. The trial court found that Millsap had failed to establish a basis for coram-nobis relief. Millsap brings this appeal from the order.

Now pending before this court is Millsap's motion for use of the record on appeal and for an extension of time to file an abstract, brief, and addendum. When it is clear from the record that the appellant cannot prevail on appeal of an order that denied postconviction relief, we dismiss the appeal. *Wheeler v. State*, 2015 Ark. 233, 463 S.W.3d 678 (per curiam). As it can be determined from the record that Millsap could not prevail, the appeal is dismissed, which renders the motion moot.

The function of the writ for error coram nobis is to secure relief from a judgment rendered while there existed some fact that would have prevented the rendition of the

judgment had it been known to the trial court and which, through no fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 56, at 5, 354 S.W.3d 61, 65. A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.* When claiming insanity as a ground for the writ, the burden is on the petitioner who claims mental illness to overcome the strong presumption that the judgment was valid. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). Claims that a petitioner either could have known, or did know, at the time of trial do not provide grounds for issuance of a writ of error coram nobis. *Rodgers v. State*, 2013 Ark. 294, at 3 (per curiam).

Millsap supported his claim that he was insane at the time of trial by challenging the validity of a court-ordered mental evaluation performed by Dr. Susan Doi, a staff psychologist with the Arkansas State Hospital, wherein Dr. Doi concluded that Millsap was not suffering from a major mental disorder and was competent to stand trial. According to Millsap, the mental evaluation performed by Dr. Doi was "devoid of any substantial testing or recognized diagnosis." Millsap further contended that Dr. Doi measured his IQ to be 73

but failed to take into consideration the "Flynn Effect," which, according to Millsap, would have reduced his IQ by an additional four points. In addressing Millsap's first claim for relief, the trial court reviewed the trial record and found that Millsap had requested a mental-health evaluation, and that a competency hearing had been conducted on December 29, 1997, after which "the defendant had been found fit to proceed to trial by this court." To the extent that the allegations advanced by Millsap could be considered a challenge to the sufficiency of the evidence supporting the finding that he was competent to proceed to trial, such challenges are not cognizable in coram-nobis proceedings. *Ventress v. State*, 2015 Ark. 181, at 6, 461 S.W.3d 313, 317 (per curiam).

Furthermore, as stated above, allegations set forth in Millsap's first coram-nobis petition had been construed by the trial court as an insanity claim. This court dismissed the appeal challenging the denial of his first petition and concluded that Millsap had failed to present facts sufficient to demonstrate that there was information not known at the time of trial or which could not have been known at the time of trial that Millsap was incompetent to proceed. *Millsap*, 2014 Ark. 493, at 4, 449 S.W.3d at 704. In that case, this court relied on information and issues gleaned from Millsap's Rule 37.1 appeal and found that an insanity defense had been considered by counsel at length, and, therefore, Millsap had failed to establish in his coram-nobis petition that there was any information concerning his competence of which the defense was either unaware at the time of trial or could not have uncovered at the time of trial. *Id.*

In this second coram-nobis petition, Millsap specifically raised an insanity claim and supported his claim by contending that the competency evaluation that had been ordered

by the court prior to his scheduled trial contained invalid conclusions unsupported by objective analysis. Clearly, the conclusions contained within that evaluation, including the result of the IQ tests, were known to Millsap, his counsel, and to the sentencing court at the time that Millsap entered his guilty plea. When a petitioner's competence has been considered by the sentencing court, there is no showing that there existed some fact extrinsic to the record, unknown to the court or to the petitioner, that would have prevented the rendition of the judgment. *Westerman v. State*, 2015 Ark. 69, at 4–6, 456 S.W.3d 374, 377 (citing *Ridgeway v. State*, 239 Ark. 377, 389 S.W.2d 617, *cert. denied*, 382 U.S. 902 (1965) (holding that a psychological examination of the petitioner, which had been reported to the circuit court, showed that the petitioner's sanity was an issue presented to the circuit court and could not later be considered on a petition for writ of error coram nobis)). Millsap has alleged no additional facts in this second coram-nobis petition demonstrating that there existed facts extrinsic to the record and unknown to the sentencing court that he was insane at the time he entered a guilty plea. *Westerman*, 2015 Ark. 69, at 4–6, 456 S.W.3d at 377; *see also Williams v. State*, 2016 Ark. 92, at 3–4, 485 S.W.3d 254, 256 (per curiam).

In his second claim for relief, Millsap alleged that the prosecutor was aware of Millsap's mental impairment but failed to disclose the information. In support of this claim, Millsap alleged that the prosecutor withheld the following facts from the forensic report: that Millsap was an honorably discharged veteran of the United States Army who had served in the Gulf War; that in 1988, his mother, brother, and adopted sister were killed by a drunk driver; and that he was involved in a serious automobile accident in 1996. Moreover, Millsap alleged that, after he had pleaded guilty to capital murder, the prosecutor nolle

5

prossed a rape charge that had been brought against Millsap in an unrelated case[1] "due to Petitioner's lacking culpability due to mental disease or defect." According to Millsap, this demonstrated that the prosecutor had access to and withheld facts demonstrating Millsap's insanity.

While allegations of a *Brady* violation fall within one of the four categories of fundamental error that this court has recognized, the fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error-coram-nobis relief. *Smith v. State*, 2015 Ark. 188, at 4–5, 461 S.W.3d 345, 349 (per curiam). To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *State v. Larimore*, 341 Ark. 397, 404, 17 S.W.3d 87, 91 (2000). When determining whether a *Brady* violation has occurred, it must first be established that the material was available to the State prior to trial and the defense did not have it. *Cloird v. State*, 357 Ark. 446, 452, 182 S.W.3d 477, 480 (2004). The fundamental prerequisite to any *Brady* claim is establishing that facts were available to the prosecutor which were unknown to the defense at the time of trial. *Id.*

Clearly, the occurrence of previous events in Millsap's life were known to him at the time of trial, and Millsap had the opportunity to disclose those facts to Dr. Doi and to the

---

[1] In support of this allegation, Millsap attaches a docket report from case number 60CR-97-1267, which indicates that the charge was dismissed by nolle prosequi on January 15, 1998.

trial court before the rendition of the judgment. Millsap's allegations regarding the basis for the prosecutor's request to have an unrelated rape charge nolle prossed is equally unavailing. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Goff v. State*, 2012 Ark. 68, at 3, 398 S.W.3d 896, 898 (per curiam). Furthermore, when considering a petition for coram-nobis relief, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. *Isom v. State*, 2015 Ark. 225, at 1–2, 462 S.W.3d 662, 663. Millsap offers a docket sheet establishing that the rape charge had been nolle prossed on June 15, 1998, but otherwise provides no evidence supporting his improbable allegation that the charge had been nolle prossed on the basis of incompetency.

In his third claim, Millsap contended that his guilty plea was coerced because his defense counsel "never formed a theory of defense because his sole objective was to plead the Petitioner out. . . . [and] to compel the Petitioner to do his will – that constitutes coercion." Millsap further alleged that the prosecutor coerced the guilty plea by threatening to seek the death penalty. Millsap did not aver that his plea was the result of fear, duress, or threats of mob violence, which are allegations recognized by this court as cognizable in coram-nobis proceedings. *Nelson v. State*, 2014 Ark. 91, at 4, 431 S.W.3d 852, 855. Nor has Millsap offered any substantiation that he was subjected to any specific mistreatment such that he was somehow coerced into appearing before the court and entering his plea. *Id.* Millsap's allegation that he was coerced due to counsel's failure to develop a defense strategy amounts to a claim of ineffective assistance of counsel, which is not cognizable in coram-nobis proceedings. *Millsap*, 2014 Ark. 493, at 3, 449 S.W.3d at 704. With respect

to Millsap's allegation that he was threatened with a possible death sentence, we have held that the mere pressure to plead guilty occasioned by the fear of a more severe sentence is not coercion. *Nelson*, 2014 Ark. 91, at 4, 431 S.W.3d at 855.

For the reasons set forth above, Millsap failed to state grounds for the issuance of a writ of error coram nobis. Accordingly, the trial court did not err in denying the relief sought.

Appeal dismissed; motion moot.

SLIP OPINION