SLIP OPINION

Cite as 2017 Ark. 55

# SUPREME COURT OF ARKANSAS

No. CR-09-596

| | |
|---|---|
| DENNIS HUTCHINSON<br>　　　　　　　PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>　　　　　　　RESPONDENT | **Opinion Delivered** February 23, 2017<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE MOTION FOR APPOINTMENT OF COUNSEL [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-08-983 ]<br><br>PETITION DENIED; MOTION MOOT. |

**PER CURIAM**

Petitioner, Dennis Hutchinson, was convicted by a jury of second-degree murder and was sentenced under a firearm-enhancement provision to an aggregate term of 540 months' imprisonment. His conviction and sentence were affirmed by the Arkansas Court of Appeals. *Hutchinson v. State*, 2010 Ark. App. 235.

Now before this court are Hutchinson's pro se application to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis and a motion for appointment of counsel. For the reasons set forth below, we deny the petition, and the motion for appointment of counsel is therefore moot.

We first note that a petition filed in this court for leave to proceed in the trial court where the judgment was entered is necessary because the trial court can entertain a petition

SLIP OPINION

for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 778.

The function of the writ of error coram nobis is to secure relief from a judgment rendered while there existed some fact that would have prevented the rendition of the judgment had it been known to the trial court and which, through no fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 56, at 5, 354 S.W.3d 61, 65. A writ of error coram nobis is an extraordinarily rare remedy more known for its denial than its approval. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

Before addressing the merits of Hutchinson's claim for relief, it is necessary to review the evidence presented at trial in support of his conviction for the murder of Richard Ivey, who was the husband of Hutchinson's codefendant, Brenda Ivey. A review of the trial transcript reveals that at the time of the murder, Brenda had been living with Hutchinson for several months. Brenda testified at trial that Hutchinson had encouraged her to lure Richard to Hutchinson's home, claim that Richard had broken into the home with the intent to harm her, and assert that she had acted in self-defense when Richard was killed.

2

Evidence introduced at trial demonstrated that Brenda and Richard had exchanged several text messages prior to the murder, wherein Brenda informed Richard that she intended to reconcile with him and, to that end, had asked Richard to come to Hutchinson's home to help move her belongings. According to Brenda, when Richard walked into the house, she shot and wounded him, and Hutchinson prevented Richard from escaping and delivered the fatal gunshot. Brenda's testimony was corroborated by Richard's two co-workers, Saul DeLeon and Johnathon Mahoney, who, at Richard's request, had followed him in a separate vehicle to Hutchinson's home to help with the move. DeLeon and Mahoney testified that they watched as Richard readily entered the house, and, as they waited for Richard to come back outside, they heard a popping noise and then observed Hutchinson step out of the front door, pick up a shovel and break a window. The crux of Hutchinson's defense at trial and on appeal was that Hutchinson had acted in self-defense. *See Hutchinson*, 2010 Ark. App. 235, at 3 (rejecting Hutchinson's argument that the jury should have been instructed on the existence of a presumption that a person may use force to defend himself in his home unless that presumption was overcome by clear and convincing evidence).

In support of his claim for coram-nobis relief, Hutchinson now contends that he was incompetent at the time of trial and recounts a history of child abuse and posttraumatic stress disorder (PTSD) stemming from his military service in the Vietnam War. According to Hutchinson, physicians with the Veterans Administration diagnosed him with PTSD, placed him in a mental ward, and determined that he was totally disabled as a result of the diagnosis. Hutchinson further contends that preceding the murder, he began to experience flashbacks and bouts of paranoia, which he attempted to alleviate with the use of methamphetamine.

SLIP OPINION

Rather than alleviate his symptoms, Hutchinson contends that his drug use exacerbated his PTSD, making the flashbacks more frequent and prolonged. Finally, Hutchinson states that in the months leading up to his trial, he suffered from severe depression, difficulty concentrating, suicidal ideation, and paranoia, and he was placed in the medical ward of the county jail as a result of his mental impairment.

When claiming insanity as a ground for the writ, the burden is on the petitioner who claims mental illness to overcome the strong presumption that the judgment was valid. *Noble v. State*, 2015 Ark. 215, at 3, 462 S.W.3d 341, 344 (per curiam). Information that a petitioner either could have known, or did know, at the time of trial does not provide grounds for issuance of a writ of error coram nobis. *Rodgers v. State*, 2013 Ark. 294, at 3 (per curiam).

The trial record demonstrates that Hutchinson did not request a mental evaluation or raise the issue of mental competence at the time of his trial. The record further reveals that during the sentencing phase, mitigation testimony was provided that Hutchinson suffered from PTSD and had been found to be 100 percent disabled as a result of that diagnosis. Clearly, Hutchinson and his trial counsel were aware of Hutchinson's mental history at the time of trial; therefore, Hutchinson does not present facts sufficient to demonstrate that there was information not known at the time of trial, or which could not have been known at the time of trial, to establish that he was insane and incompetent to proceed. *Williams v. State*, 2016 Ark. 92, at 3, 485 S.W.3d 254, 256.

Furthermore, we are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Goff v. State*, 2012 Ark. 68, at 3, 398 S.W.3d 896, 898 (per

SLIP OPINION

curiam). Hutchison's allegations are conclusory, and he fails to set forth sufficient facts demonstrating that his alleged mental impairment rendered him incompetent to stand trial. A criminal defendant is presumed to be competent to stand trial and has the burden of proving otherwise. *Thessing v. State*, 365 Ark. 384, 390, 230 S.W.3d 526, 532 (2006). A circuit court is not required to hold a hearing on a criminal defendant's competency sua sponte unless there is reasonable doubt about the defendant's competency. *Whitham v. State*, 2011 Ark. 28, at 3–4; *Davis v. State*, 375 Ark. 368, 291 S.W.3d 164 (2009). Conclusory statements fall far short of meeting a petitioner's burden of showing that he was not competent to stand trial. *Webb v. State*, 2009 Ark. 550, at 6 (per curiam). Hutchinson does not point to evidence presented to the court that he was not fit to proceed. *Id.*

Furthermore, Hutchinson failed to sufficiently demonstrate that he acted with diligence in pursuing his claim. *Echols v. State*, 354 Ark. 414, 419, 125 S.W.3d 153, 157, (2003). Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Id.* In the absence of a valid excuse for delay, the petition will be denied. *Id.* This court has held that due diligence requires that (1) the defendant be unaware of the fact at the time of trial; (2) he could not have, in the exercise of due diligence, presented the fact at trial; or (3) upon discovering the fact, did not delay bringing the petition. *Id.* As stated, Hutchinson was aware of the facts he now alleges as a basis for his claim of incompetence, he failed to raise a competency issue at the time of trial, and he waited six years after his conviction had been affirmed on appeal to bring this petition. In view of the above, Hutchinson's allegations of incompetence fail to establish that there existed a fundamental error of fact extrinsic to the record that would

have prevented the rendition of the judgment had it been known to the trial court and which, through no fault of the defendant, was not brought forward before rendition of the judgment.

Petition denied; motion moot.