SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-09-339

| | | |
|---|---|---|
| | ADAM DAVIS, JR. | **Opinion Delivered:** March 2, 2017 |

ADAM DAVIS, JR.

PETITIONER

V.

STATE OF ARKANSAS

RESPONDENT

**Opinion Delivered:** March 2, 2017

PRO SE THIRD PETITION TO
REINVEST JURISDICTION IN THE
TRIAL COURT TO CONSIDER A
PETITION FOR WRIT OF ERROR
CORAM NOBIS AND MOTION FOR
PERMISSION TO FILE A RESPONSE
TO THE STATE'S RESPONSE
[GARLAND COUNTY CIRCUIT
COURT, NO. 26CR-07-365]

PETITION DISMISSED; MOTION
MOOT.

## PER CURIAM

Petitioner Adam Davis, Jr., brings his third petition in this court in which he seeks
to reinvest jurisdiction in the trial court so that he may file a petition for writ of error coram
nobis. He has also filed a motion in which he requests permission to file a response to the
State's response to his petition. We dismiss the petition, and the motion is therefore moot.

A prisoner who appealed his judgment and who wishes to attack his conviction by
means of a petition for writ of error coram nobis must first request this court to reinvest
jurisdiction in the trial court. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Davis seeks
to challenge his convictions for the capital murder of his wife and the attempted first-degree
murder of his wife's friend, along with his aggregate sentence of life imprisonment without
parole plus 720 months' imprisonment. This court affirmed the judgment. *Davis v. State*,

SLIP OPINION

2009 Ark. 478, 348 S.W.3d 553. Leave from this court is therefore required before the trial court may consider a petition for the writ. *Noble*, 2015 Ark. 141, 460 S.W.3d 774.

In his two previous error coram nobis petitions, Davis raised two claims. The first was that it was the failure by the responding police officers to seek medical attention for his wife—after Davis had shot her in the head at close range four times, twice with a shotgun and twice with a pistol—that caused her death. The second claim Davis raised was that his mental deficits rendered him incompetent to stand trial. In his third petition, Davis reiterates these two claims and makes an additional convoluted, but related, claim that appears to assert a basis for the writ because counsel was ineffective in not presenting mitigating evidence based on psychological evidence of Davis's mental condition. To the extent that Davis may have raised any new claim, it provides no basis for the writ.

This court will grant permission to proceed with a petition for the writ only when it appears, looking to the reasonableness of the allegations of the proposed petition and the existence of the probability of the truth of those allegations, that the proposed attack on the judgment is meritorious. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. Reassertion of the same claims without sufficient facts to distinguish the claims from those raised in a previous coram nobis petition is abuse of the writ and subjects the petition to dismissal. *Swanigan v. State*, 2016 Ark. 109 (per curiam). Due process does not require this court to entertain an unlimited number of petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in a particular case. *Id.* This court has the discretion to determine whether the renewal of a petitioner's application for the writ will be permitted

to go forward even if there are additional facts in support of repetitive grounds. *Rodgers v. State*, 2013 Ark. 294 (per curiam).

Davis frames his claim alleging that the police failed to seek medical attention for his wife as one of withheld evidence. As we noted in our previous decision on Davis's second petition, even if Davis were to establish that evidence had been withheld, he could not establish a basis for the writ by establishing that the police contributed to his wife's death. *See Davis v. State*, 2016 Ark. 296, at 3-4, 498 S.W.3d 279, 282-83 (per curiam) (citing *Jefferson v. State*, 372 Ark. 307, 312, 276 S.W.3d 214, 219 (2008) in support of this court's holding that Davis was criminally liable for the wrongdoing as if his actions were the sole cause of his wife's death because his actions were a concurrent proximate cause). Under the circumstances of his case, there are no additional facts that Davis can plead that would demonstrate such a reasonable probability concerning this particular claim, that is, concerning failure of the police to seek medical attention for Davis's wife, and continued assertion of the claim is abuse of the writ.

Davis's claims in this petition concerning his mental deficiencies, as in his two previous coram nobis petitions, allege diminished capacity when that he committed the crime and incompetence to proceed. As he did in his previous petitions, Davis intermixes claims that the evidence at trial was insufficient and that his counsel was ineffective. We have repeatedly held that ineffective-assistance-of-counsel and trial-error claims are not cognizable in coram nobis proceedings. *Green v. State*, 2016 Ark. 386. Davis's newest claims concerning counsel's failure to introduce mitigation evidence are therefore not cognizable.

Davis's claim of diminished capacity is largely a claim that the evidence of his mental state at the time of the crimes was insufficient. To the extent that Davis's allegations are a challenge to the sufficiency of the evidence supporting the findings that he was competent, such challenges are also not cognizable. *See Millsap v. State*, 2016 Ark. 391, 501 S.W.3d 381 (per curiam).

As to Davis's claims that he was insane and incompetent to stand trial, he continues to fail to offer sufficient facts to support those claims. When the petitioner would raise an insanity claim and the petitioner's competence has been considered by the sentencing court, he must assert the existence of facts extrinsic to the record and unknown to the sentencing court. *Id*.; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The writ is to correct mistakes of fact, not mistakes of law. *Ridgeway v. State*, 239 Ark. 377, 389 S.W.2d 617 (1965). The petitioner may not rely solely on information that was available at the time of trial, and he must act with diligence to pursue a claim of incompetence once new information casting doubt on the basis for a competency determination becomes available. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61 (*Newman '09*).

Davis was evaluated for competency, a forensic report from the State's forensic psychologist, Dr. Paul L. Deyoub, was submitted to the trial court, and the court found Davis competent to proceed. Davis has failed, and he continues to fail, to identify information that was not available at the time of his trial or that casts doubt on the basis for the competency determination.

Davis appears to assert a new claim that the same scoring error that was noted to have occurred in the evaluation in *Newman '09* also occurred when Dr. Deyoub evaluated Davis

and concluded that Davis was competent. Yet the scoring error in *Newman '09* occurred because the test that was used was an abbreviated test that the administering doctor acknowledged was not to be used alone to determine IQ. In that case, the WASI test was used, a more widely used and reliable test, the WAIS-III, was not administered, and the examining doctor admitted that he had used the wrong norms for the defendant's age. Davis appears to indicate, and the record confirms, however, that the test utilized in Davis's evaluation and employed by a different doctor was the more widely used WASI-III test rather than the abbreviated test that caused the error in *Newman '09.*

This court is not required to accept Davis's conclusory allegations of scoring error at face value. *Green*, 2016 Ark. 386. It is true that we examine the underlying rationale of a qualified expert's opinion in evaluating competing expert opinions. *See Newman v. State*, 2014 Ark. 7, at 27. Yet Davis has provided no facts sufficient to support a challenge to the underlying rationale of the opinion finding him competent or even that there may be a competing expert opinion as to Davis's competency. The application for coram nobis relief must make full disclosure of specific facts relied upon as the basis for the writ. *See Oliver v. State*, 2016 Ark. 78, 483 S.W.3d 298 (per curiam). Once again, Davis does not provide any facts to demonstrate that he was incompetent to stand trial. Because those few additional facts that Davis offers are not sufficient to support his claims, his third petition is an abuse of the writ.

Petition dismissed; motion moot.